**FOX ROTHSCHILD LLP**
Jasmine L. Anderson (SBN 252973)
JLAnderson@foxrothschild.com
Aceilya G. Burton (SBN 325431)
ABurton@foxrothschild.com
345 California Street, Suite 2200
San Francisco, California 94104
Telephone:    (415) 364-5540
Facsimile:    (415) 391-4436

*Attorneys for Defendant*
SOLAREDGE TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON BYRD, an individual, | Case No.: |
| Plaintiff, | **DEFENDANT SOLAREDGE TECHNOLOGIES, INC.'S NOTICE OF REMOVAL** |
| v. | |
| SOLAREDGE TECHNOLOGIES, INC., a Delaware corporation, and DOES 1-30, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF CALIFORNIA:

NOTICE IS HEREBY GIVEN that Defendant SOLAREDGE TECHNOLOGIES, INC.

("Defendant") through its attorneys, Fox Rothschild LLP, hereby removes to this Court the above-

captioned State court action (*Brandon Byrd v. Solaredge Technologies, Inc.*, Superior Court of the

County of Santa Clara, Case No.: 23CV412721 (hereinafter "Complaint")). Pursuant to 28 U.S.C. §§

1332 and 1441(b), Defendant hereby removes to this Court the state court action described below:

**BACKGROUND**

1.      On March 13, 2023, Plaintiff Brandon Byrd ("Plaintiff") filed a Complaint in the Santa Clara County Superior Court against Defendant. A true and correct copy of the Complaint is attached hereto as **Exhibit A**. The matter was given case number 23CV412721. On March 13, 2023, Plaintiff served Defendant with the Summons and Complaint. A copy of the Summons is attached hereto as **Exhibit B.** Attached hereto as **Exhibit C** are the remainder of the pleadings that have been filed in this matter.

2.      On April 10, 2023, Defendant filed and served its Answer to the Complaint. A true and correct copy of Defendant's Answer is attached as **Exhibit D**.

3.      Other than the pleadings described above, no other process, pleadings, or orders have been filed or served in connection with the state court proceeding.

4.      All named and served defendants in this action join in this removal.

**TIMELINESS OF REMOVAL**

5.      This Notice of Removal is filed within thirty (30) days of service of the Summons and Complaint upon Defendant and is thus timely under 28 U.S.C. §§1332, 1441, and 1446. The Complaint is the first "paper" in the case establishing the amount in controversy and grounds for removal of this action based on diversity of citizenship.

**VENUE AND JURISDICTION**

6.      Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§84(a), 1391, 1441(a), and 1446(a) because the Complaint was filed in a county within this District, and this is the judicial district in which the action arose.

7.      This Court has diversity jurisdiction under 28 U.S.C. §§ 1332 because: (a) there is diversity of citizenship between Plaintiff and Defendant; and (b) the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.      The diversity requirement is satisfied where, as here, the action is between citizens of different States or citizens of a State and citizens of a foreign state. (28 U.S.C. §1332(a)(1), (2).)

DEFENDANT'S NOTICE OF REMOVAL

144356828.1

9.  Defendant is informed and believes that Plaintiff is domiciled in and therefore a citizen of California. (Complaint, ¶2.) (*Kanter v. Warner-Lambert Co.* (9th Cir. 2001) ("a person's state citizenship is . . . determined by her state of domicile"); *Carolina Cas Ins. Co. v. Team Equip, Inc.* (9th Cir. 2014) 741 F.3d 1082, 1086 (permitting pleading of citizenship on information and belief.)

10. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." (28 U.S.C. 1332(c)(1).) SolarEdge is the only Defendant identified in the Complaint. Defendant is a Delaware corporation with its principal place of business in Herziliya Pituach, Israel. Therefore, Defendant is a citizen of Delaware and Israel.

11. The Complaint also names as defendants "DOES 1-30, inclusive."  However, the citizenship of the defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that the district court was correct in only considering the citizenship of named defendants as provided by 28 U.S.C. § 1441(a)).

**AMOUNT IN CONTROVERSY EXCEEDS $75,000**

12. In determining the amount in controversy, the court must "accept [] the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." (*Cain v. Hartford Life & Accident Ins. Co.* (C.D. 2012) 890 F.Supp.2d 1246, 1249.) "The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorney's fees awarded under fee shifting statutes." (*Chavez v. JPMorgan Chase & Co.* (9th Cir. 2018) 888 F.3d 413, 416 (internal quotations and citation omitted).

13. Here, Plaintiff seeks compensatory, punitive, and statutory damages, and attorney's fees. (Complaint, ¶¶ 27-30, 43-45, 59-62, 70, 74-75, 79-81, and 92-93). In total, Plaintiff seeks:

    a.  "For special damages, including actual, consequential and incidental losses

including, but not limited to, unpaid wages, medical bills, past, present, and future loss of earnings and benefits, front-pay and benefits, back pay and benefits, all according to proof, all together with prejudgment interest";

        b.       "For general damages according to proof"

        c.       "For all punitive damages against each defendant in an amount deemed proper by this court"

        d.       "For waiting time penalties pursuant to Labor Code section 203 et seq"

        e.       "For restitution pursuant to Business and Professions Code section 12700, et seq."

        f.       "For civil penalties for each violation of Cal. Lab. Code § 1102.5"

        g.       "For penalties pursuant to Labor Code §226(e), as may be proven"

        h.       "For penalties for each violation of Labor Code section 1198.5"

        i.       "For reasonable attorney's fees"

        j.       "For costs of suit"

        k.       "For pre and post judgment interest; and"

        l.       "For such other and further relief as this Court deems proper."

Moreover, Plaintiff served Defendant with a Statement of Damages seeking $300,000 in general damages, $452,323.20 in special damages, $10,930.00 in statutory penalties, and $1,000,000.00 in punitive damages.  (**Exhibit E**.)

15.    Based on these foregoing, it is clear that the amount in controversy in this matter exceeds the $75,000 threshold for diversity jurisdiction.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C., §1446(d), Defendant will give written notice of the filing of this Notice of Removal to all adverse parties of record in this matter and will file a copy of this Notice

144356828.1

1    with the clerk of the State court.

2          WHEREFORE, Defendant prays that the above action now pending against it in the Superior

3    Court of California for the County of Santa Clara be removed therefrom to this Court.

4

5    Dated:  April 11, 2023                    Respectfully submitted,
                                              FOX ROTHSCHILD LLP
6

7

8                                  By   _____
                                        Jasmine L. Anderson
9                                        Aceilya G. Burton
                                        *Attorneys for Defendant*
10                                       SOLAREDGE TECHNOLOGIES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        5
                         DEFENDANT'S NOTICE OF REMOVAL

144356828.1

# EXHIBIT A

## COMPLAINT

E-FILED
3/13/2023 11:59 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV412721
Reviewed By: P. Newton

1  **THE RAMIREZ LEGAL GROUP**
   April Ramirez, State Bar No. 319760
2  april@theramirezlegalgroup.com
   468 N. Camden Dr., Suite 5555
3  Beverly Hills, California 90210
   Telephone: (800) 411-0428
4  Facsimile:  (424) 284-1402

5
   **THE ALEXANDROFF LAW GROUP**
6  Nicholas Alexandroff, State Bar No. 309747
   nicholas@alglegal.com
7  16542 Ventura Blvd., Suite 203
   Encino, CA 91436
8  Telephone: (818) 908-8899
   Facsimile:  (818) 908-8898
9

10  Attorneys for Plaintiff, BRANDON BYRD

11

12                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                              23CV412721
13                       **COUNTY OF SANTA CLARA**

14

15  BRANDON BYRD, an individual,          COMPLAINT FOR DAMAGES FOR:

16                 Plaintiff,              (1)  WHISTLEBLOWER VIOLATIONS
                                                UNDER LABOR CODE § 1102.5;
17        v.

18  SOLAREDGE TECHNOLOGIES, INC., a       (2)  RETALIATION AND WRONGFUL
    Delaware corporation, and DOES 1-30, inclusive,   TERMINATION IN VIOLATION OF
19                                              PUBLIC POLICY;
                 Defendants.
20                                        (3)  FAILURE TO PAY OVERTIME
                                               WAGES IN VIOLATION OF CAL.
21                                             LABOR CODE § 510 AND IWC WAGE
                                               ORDER NO. 4;
22
                                          (4)  PENALTIES PURSUANT TO
23                                             LABOR CODE § 203;
24
                                          (5)  FAILURE TO PROVIDE ACCURATE
25                                             ITEMIZED WAGE STATEMENTS IN
                                               VIOLATION OF CAL. LABOR CODE
26                                             § 226(A);

27                                        (6)  VIOLATION OF LABOR CODE
28                                             SECTION 1198.5

                                    1

(7)   VIOLATION OF <u>BUSINESS AND
PROFESSION CODE</u> §17200, ET SEQ.

[JURY TRIAL DEMANDED ON ALL
ISSUES AND CAUSES OF ACTION]

**COMES NOW** Plaintiff BRANDON BYRD ("PLAINTIFF" or "Plaintiff"), individually, for causes of action against defendant SOLAREDGE TECHNOLOGIES, INC. ("SOLAREDGE," "DEFENDANT," or "Defendant"), a California corporation; and DOES 1 through 30, inclusive, (all collectively "DEFENDANTS", "defendants", or "EMPLOYER") as follows:

The following is pled on information and reasonable belief:

## INTRODUCTION

1.       This employment action stems from defendants' wrongful retaliation and termination of Plaintiff for reporting his supervisor, Jermain White's, assault and battery on two women to the Palo Alto Police Department and defendants' human resources department, as well as for participating as a witness in a criminal investigation against his supervisor. Plaintiff also alleges that he was made to work overtime hours off-the-clock for which he has not been paid.

## THE PARTIES

2.       Plaintiff BRANDON BYRD is an individual, residing at all relevant times herein mentioned in the County of Alameda, State of California.

3.       Defendant SOLAREDGE TECHNOLOGIES, INC. is a for-profit corporation formed in the state of Delaware and at all times relevant qualified for and performing business in the County of Santa Clara, State of California. Its residence/principal address is 700 E. Tasman Dr., City of Milpitas, County of Santa Clara, State of California 95035.

4.       At all times relevant to this complaint, SOLAREDGE was Plaintiff's employer and employed over 5 employees. Plaintiff worked out of SOLAREDGE'S principal office/headquarters in Milpitas, California.

1      5.     Defendants DOES 1 through 30 are persons or entities whose true names and

2 identities are presently unknown to PLAINTIFF, and who therefore are sued under fictitious names.

3 PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named

4 defendants are responsible in some manner for the injuries and events alleged herein, and are jointly

5 and severally liable to PLAINTIFF. PLAINTIFF will seek leave of court to amend this complaint to

6 state the true names and capacities of such fictitiously named defendants when ascertained.

7      6.     At all times herein mentioned, DEFENDANTS, and each of them, were members of,

8 and engaged in, a joint venture, partnership and common enterprise, and acting within the course and

9 scope of, and in pursuance of, said joint venture, partnership and common enterprise.

10      7.     At all times herein mentioned, the acts and omissions of various DEFENDANTS, and

11 each of them, concurred and contributed to the various acts and omissions of each and all of the other

12 DEFENDANTS in proximately causing the injuries and damages to PLAINTIFF as herein alleged.

13      8.     At all times herein mentioned, DEFENDANTS, and each of them, ratified each and

14 every act or omission complained of herein. At all times herein mentioned, DEFENDANTS, and

15 each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS

16 in proximately causing the injuries and damages to PLAINTIFF as alleged herein.

17                                        **JURISDICTION AND VENUE**

18      9.     Venue is proper in the County of Santa Clara pursuant to Code of Civil Procedure

19 section 395(a) because SOLAREDGE's principal place of business is in Santa Clara County and the

20 subject acts and omissions causing PLAINTIFF's injuries and damages occurred in the County of

21 Santa Clara, State of California.

22      10.    The amount of controversy exceeds the jurisdictional minimum of this Court.

23                                        **GENERAL ALLEGATIONS**

24      11.    Whenever and wherever reference is made in this complaint to any act by a defendant

25 or Defendants, such allegations and references shall also be deemed to mean the acts or failures to

26 act of each defendant acting individually, jointly and severally.

27      12.    PLAINTIFF started working for EMPLOYER in or around June 2013. At the time

28 of his termination, PLAINTIFF was a lead warehouse technician.

PLAINTIFF'S COMPLAINT FOR DAMAGES

13.     During the course of his employment, PLAINTIFF regularly worked over eight hours in one workday and/or over 40 hours in one workweek and was not paid overtime wages.

14.     On or about December 13, 2019, PLAINTIFF attended SOLAEDGE'S employee Christmas party at the Sheraton Hotel event room in Palo Alto, California. This event provided food, an open bar and hosted approximately 75 individuals who were made up of employees and guests. Towards the end of the party, PLAINTIFF witnessed an altercation taking place outside and he ran out to the parking lot. As PLAINTIFF approached, he realized that his supervisor, Jermain White, was striking two women. PLAINTIFF grabbed Mr. White and pulled him off to the side. PLAINTIFF then walked Mr. White to his vehicle. After Mr. White left, PLAINTIFF went back to the two women to make sure they were okay, and the women indicated that they were going to report Mr. White to the police. The two women asked PLAINTIFF for his contact information and PLAINTIFF provided it to them.

15.     On or about December 14, 2019, PLAINTIFF received a call from the Palo Alto Police Department and provided a statement regarding the assault and battery on the two women by Mr. White that he witnessed on or about December 13, 2019.

16.     On or about December 16, 2019, PLAINTIFF went to work as scheduled and informed the SOLAREDGE'S Human Resources ("HR") Department of the events that had taken place over the weekend. PLAINTIFF felt that due to his supervisor's criminal conduct at SOLAREDGE'S party, and the investigation by law enforcement, he should report it to his employer's HR Department. The HR representative responded by telling PLAINTIFF that because the incident took place off of company property and not during company hours, that it was not significant and not to worry about it.

17.     Starting on or about December 17, 2019, and continuing through his termination, Mr. White retaliated against PLAINTIFF and created a hostile work environment. Mr. White overly scrutinized PLAINTIFF, unfairly criticized PLAINTIFF, unfairly disciplined PLAINTIFF, unfairly reprimanded PLAINTIFF, stripped PLAINTIFF of his managerial activities and responsibilities, which included attending management meetings, scheduling of employees, and other management daily tasks.

PLAINTIFF'S COMPLAINT FOR DAMAGES

18.     On or about February 25, 2019, Mr. White approached PLAINTIFF and told him a dock door was broken during his shift and that he needed to fix it immediately, or he hold him responsible for breaking it.  PLAINTIFF proceeded to fix the door.

19.     On or about March 5, 2020, not being able to bear Mr. White's retaliatory conduct any longer, PLAINTIFF sent Ms. Rachel Prishkolnik in the HR Department an email reporting Mr. White's retaliatory conduct.

20.     On or about March 13, 2020, PLAINTIFF was called into the HR Manager, Ms. Rene Lach's, office. Ms. Lach told PLAINTIFF that they had him on camera breaking a dock door and suspended him without pay. PLAINTIFF asked to see the video, but Ms. Lach refused.

21.     On or about March 20, 2020, PLAINTIFF received an email informing him of his termination for the pretextual reason of not reporting a warehouse dock door that had allegedly been damaged during his shift.

22.     PLAINTIFF has not been reinstated or rehired by EMPLOYER.

23.     Due to and substantially motivated by PLAINTIFF'S protected whistleblowing activities, EMPLOYER took adverse employment actions against PLAINTIFF, including (1) overly and unfairly scrutinized PLAINTIFF, overly and unfairly criticized PLAINTIFF, disciplined PLAINTIFF, reprimanded PLAINTIFF, stripped PLAINTIFF of his managerial activities and responsibilities, suspended PLAINTIFF, and terminated PLAINTIFF.

24.     PLAINTIFF'S protected whistleblowing activities included (1) reporting his supervisor's assault and battery on two women to a law enforcement agency, (2) aiding a law enforcement agency with their investigation into a reported assault and battery by PLAINTIFF's supervisor, including by providing a witness statement, (3) reporting his supervisor's assault and battery on two women to EMPLOYER'S HR Department, and (4) reporting his supervisor's harassing and retaliatory conduct against him to EMPLOYER'S HR Department.

25.     At all relevant times mentioned in this complaint PLAINTIFF performed his job for EMPLOYER in a satisfactory and competent manner.

26.     At all relevant times mentioned in this complaint Jermain White was the manufacturing manager and a managing agent for EMPLOYER who exercised substantial

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   independent authority and judgment in his corporate decision-making so that his decisions

2   ultimately determined company policy. Mr. White possessed and exercised control, authority,

3   judgment, and discretion over the business or affairs of EMPLOYER, including employee conduct

4   policies, standards, and procedures.

5       27.     The damages sought by Plaintiff in this action far exceed the minimum jurisdictional

6   amount of this court so that court has jurisdiction of this matter. Plaintiff has sustained general and

7   special damages within the jurisdictional limits of this Court.

8       28.     Plaintiff seeks damages, attorneys' fees, costs, pre and post judgment interest,

9   injunctive, declaratory relief and any other remedies he is entitled to under the law pursuant to the

10  claims alleged in this complaint.

11      29.     The conduct which Plaintiff complains of in this complaint, and which is alleged

12  below, was carried out by all DEFENDANTS willfully, intentionally, and with oppression, malice

13  and fraud and was carried out with conscious disregard of Plaintiff's rights as guaranteed by the

14  state law pursuant to which Plaintiff is entitled to an award of exemplary damages according to

15  proof.

16      30.     Plaintiff had to employ an attorney to prosecute this action and have thereby incurred

17  costs and attorney fees.  Such attorneys' fees and costs are necessary for the prosecution of this

18  action for which Plaintiff is entitled to an award of attorneys' fees and costs in an amount according

19  to proof.

20  **FIRST CAUSE OF ACTION**

21  FOR WHISTLEBLOWER VIOLATIONS UNDER CALIFORNIA LABOR CODE § 1102.5

22              By Plaintiff Against SOLAREDGE and Does 1-30

23      31.     PLAINTIFF incorporates herein by reference each and every paragraph in this

24  Complaint as though duly set forth in full herein.

25      32.     EMPLOYER retaliated against PLAINTIFF for blowing the whistle/complaining

26  about/protesting against his supervisor, Jermaine White's, unlawful activities, including violations

27  where PLAINTIFF had reasonable cause to believe Mr. White was violating the law.

28      33.     California Labor Code § 1102.5 declares:

(a)  An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(b)  An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(c)  An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

34.  PLAINTIFF was a whistleblower pursuant to Cal. Labor Code § 1102.5, as PLAINTIFF engaged in the following protected activities, among others: (1) reported his supervisor's assault and battery on two women to a law enforcement agency, (2) aided a law enforcement agency with their investigation into a reported assault and battery by PLAINTIFF's supervisor, including by providing a witness statement, (3) reported/disclosed his supervisor's assault and battery on two women to EMPLOYER'S HR Department, and (4) reported his supervisor's harassing and retaliatory conduct against him for whistleblowing to EMPLOYER'S HR Department.

35.  As a direct result of PLAINTIFF engaging in legally protected activities and complaining about, reporting, disclosing, and protesting against the aforesaid violations of law (or

1  PLAINTIFF's reasonable belief that laws were being violated), EMPLOYER retaliated against

2  PLAINTIFF through the following, among others: (1) overly and unfairly scrutinized PLAINTIFF,

3  overly and unfairly criticized PLAINTIFF, disciplined PLAINTIFF, reprimanded PLAINTIFF,

4  stripped PLAINTIFF of his managerial activities and responsibilities, suspended PLAINTIFF, and

5  terminated PLAINTIFF.

6          36.     Accordingly, EMPLOYER had and maintained a policy and/or practice which

7  prevented/prevents PLAINTIFF and other employees from complaining about, reporting,

8  disclosing, and/or protesting against violation(s) of law (or reasonable belief that a law(s) is being

9  violated) to EMPLOYER and/or person of authority, a government agency, a public body

10 conducting an investigation, or a law enforcement agency.

11         37.     EMPLOYER violated Cal. Labor Code § 1102.5(a) as it made, adopted, and enforced

12 rules, regulation and policies preventing PLAINTIFF from disclosing information to government

13 and law enforcement agencies or a person with authority over PLAINTIFF and/or authority to

14 investigate, discover, investigate, or correct the violation, where PLAINTIFF had reasonable cause

15 to believe PLAINTIFF's supervisor was violating the law.

16         38.     EMPLOYER violated Cal. Labor Code § 1102.5(b) as it retaliated against

17 PLAINTIFF for protesting unlawful actions, and/or because EMPLOYER felt PLAINTIFF may

18 protest, to a government or law enforcement agency or to a person with authority over the employee

19 and/or authority to investigate, discover, investigate, or correct the violation.

20         39.     When PLAINTIFF was subjected to the adverse employment actions identified

21 above, EMPLOYER, and each of them, were substantially motivated by PLAINTIFF's complaints

22 of violations of state and/or federal law (or PLAINTIFF's reasonable belief that a law(s) was being

23 violated), and said complaints were substantial motivating factors and/or reasons in the decision to

24 subject Plaintiff to the aforesaid retaliatory, adverse employment actions, in violation of California

25 Labor Code § 1102.5.

26         40.     As a direct and legal result of the acts and omissions of EMPLOYER, Plaintiff was

27 rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered,

28 among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or

1  anxiety.

2      41.    As a further legal result of the acts and omissions of EMPLOYER, Plaintiff has been

3  forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs

4  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he

5  will in the future be forced to incur additional expenses of the same nature, all in an amount which

6  is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses

7  at the time of trial.

8      42.    As a further direct and legal result of the acts and conduct of EMPLOYER, Plaintiff

9  has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental

10  distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety.

11  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave

12  of court to assert the same when they are ascertained.

13      43.    The aforementioned acts of EMPLOYER, and each of them, were willful, wanton,

14  malicious, intentional, oppressive and/or despicable and were done in willful and conscious

15  disregard of the rights, welfare and safety of Plaintiff, and were done by officers, directors, and/or

16  managerial agents and employees of EMPLOYER, and with the express knowledge, consent, and/or

17  ratification of officers, directors, and/or managerial agents of EMPLOYER, thereby justifying the

18  awarding of punitive and exemplary damages in an amount to be determined at the time of trial

19  pursuant to California Civil Code § 3294(a) and (b).

20      44.    By the aforesaid acts and conduct of EMPLOYER, Plaintiff has been directly and

21  legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not

22  limited to, loss of earnings and future earning capacity, medical and related expenses for care and

23  procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently

24  ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

25      45.    As a result of the retaliatory acts of EMPLOYER and DOES 1 through 30, as alleged

26  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided

27  in California Labor Code § 1102.5(j).

28

PLAINTIFF'S COMPLAINT FOR DAMAGES

1    **SECOND CAUSE OF ACTION**

2    RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

3    By Plaintiff Against SOLAREDGE and Does 1-30

4        46.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in

5    this Complaint as though duly set forth in full herein.

6        47.    PLAINTIFF was retaliated against and wrongfully terminated from PLAINTIFF's

7    employment on or about March 20, 2020, due to PLAINTIFF (1) reporting his supervisor's assault

8    and battery on two women to a law enforcement agency, (2) aiding a law enforcement agency with

9    their investigation into a reported assault and battery by PLAINTIFF's supervisor, including by

10   providing a witness statement, (3) reporting/disclosing his supervisor's assault and battery on two

11   women to EMPLOYER'S HR Department, and (4) reporting his supervisor's harassing and

12   retaliatory conduct against him for whistleblowing to EMPLOYER'S HR Department, which are

13   all activities protected by law.

14       48.    As such, PLAINTIFF was retaliated and discharged from PLAINTIFF's

15   employment for reasons that violate a public policy(s).

16       49.    At all times relevant herein, PLAINTIFF was employed by SOLAREDGE.

17       50.    As alleged herein, SOLAREDGE suspended and discharged PLAINTIFF from

18   PLAINTIFF's employment.

19       51.    PLAINTIFF's suspension and wrongful discharge caused and continue to cause

20   PLAINTIFF harm.

21       52.    At all times herein mentioned, the public policy of the State of California, as codified,

22   expressed and mandated by California Labor Code § 1102.5 prohibited discrimination and/or

23   retaliation against employees blowing the whistle about unlawful activities, including those of

24   employee's supervisors and employer. This public policy of the State of California is designed to

25   protect all employees and to promote the welfare and well-being of the community at large.

26       53.    At all times herein mentioned, the public policy of the State of California, as codified,

27   expressed and mandated by California Civil Code § 1750 prohibited unfair or deceptive business

28   practices and/or retaliation against employees blowing the whistle regarding violations of the

PLAINTIFF'S COMPLAINT FOR DAMAGES

1    aforesaid. This public policy of the State of California is designed to protect all employees and to

2    promote the welfare and well-being of the community at large.

3         54.    Accordingly, the actions of SOLAREDGE and DOES 1 through 30, in retaliating

4    and wrongfully terminating PLAINTIFF on the grounds alleged and described herein were

5    wrongful, in violation of public policy, and hinder the welfare and well-being of the community at

6    large.

7         55.    As a direct and legal result of the acts and omissions of SOLAREDGE and DOES 1

8    through 30, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and

9    externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock,

10   pain, discomfort and/or anxiety.

11        56.    As a further legal result of the acts and omissions of SOLAREDGE and DOES 1

12   through 30, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-

13   rays, and/or laboratory costs, and is informed and believes, and thereon alleges, that he will in the

14   future be forced to incur additional expenses of the same nature, all in an amount which is at present

15   unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of

16   trial.

17        57.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

18   since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

19   believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable

20   to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's

21   damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show

22   the total amount of loss of earnings at the time of trial.

23        58.    As a further direct and legal result of the acts and conduct of SOLAREDGE and

24   DOES 1 through 30, Plaintiff has been caused, and did suffer, and continues to suffer severe and

25   permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock,

26   pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown

27   to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

28        59.    The aforementioned acts of SOLAREDGE and DOES 1 through 30, and each of

1  them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in

2  willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by

3  managerial agents and employees of SOLAREDGE and DOES 1 through 30, and with the express

4  knowledge, consent, and/or ratification of managerial agents and employees of SOLAREDGE and

5  DOES 1 through 30, thereby justifying the awarding of punitive and exemplary damages in an

6  amount to be determined at the time of trial pursuant to California <u>Civil Code</u> § 3294(a) and (b).

7       60.   By the aforesaid acts and conduct of SOLAREDGE and DOES 1 through 30,

8  Plaintiff has been directly and legally caused to suffer actual damages pursuant to California <u>Civil</u>

9  <u>Code</u> § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and

10  related expenses for care and procedures both now and in the future, attorneys' fees and costs, and

11  other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend

12  when ascertained.

13       61.   As a result of the retaliatory acts, including wrongful discharge, of SOLAREDGE

14  and DOES 1 through 30, as alleged herein, per Labor Code section 1102.5(f), PLAINTIFF is entitled

15  to recover a penalty of $10,000.00 for each violation of Labor Code section 1102.5, as

16  SOLAREDGE is a corporation.

17       62.   As a result of the retaliatory acts, including wrongful discharge, of SOLAREDGE

18  and DOES 1 through 30, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

19  costs of suit as specifically provided in California <u>Labor Code</u> § 1102.5(j).

20                            **THIRD CAUSE OF ACTION**

21                      FAILURE TO PAY OVERTIME WAGES

22                 By Plaintiff Against SOLAREDGE and Does 1-30

23       63.   PLAINTIFF hereby incorporates herein by reference and re-alleges each and every

24  paragraph in this Complaint as though duly set forth in full herein.

25       64.   Labor Code §510 provides in relevant part:

26            Any work in excess of eight hours in one workday and any work in excess
of 40 hours in any one workweek and the first eight hours worked on the

27            seventh day of work in any one workweek shall be compensated at the rate
of no less than one and one-half times the regular rate of pay for an

28            employee. Any work in excess of 12 hours in one day shall be

compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

65. PLAINTIFF regularly worked in excess of eight hours in a workday or 40 hours in a workweek, and EMPLOYER failed to pay PLAINTIFF overtime wages as required by law.

66. As a result of EMPLOYER'S failure to pay overtime wages as provided in Labor Code §510, PLAINTIFF has suffered damages in an amount according to proof at the time of trial, but in an amount in excess of the jurisdiction of this Court.

67. EMPLOYER'S conduct described herein violates Labor Code §§512, 558, 1194, and 1198. Therefore, Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus interest, and reasonable attorney's fees and costs of suit.

**FOURTH CAUSE OF ACTION**

PENALTIES PURSUANT TO LABOR CODE SECTION 203

By Plaintiff Against SOLAREDGE and Does 1-30

68. PLAINTIFF incorporates herein by reference each and every paragraph in this Complaint as though duly set forth in full herein.

69. EMPLOYER terminated PLAINTIFF'S employment on or about March 20, 2020. Through the present, EMPLOYER has not paid PLAINTIFF all wages earned, including for overtime hours worked.

70. EMPLOYER'S failure to pay wages, as alleged above, was willful in that EMPLOYER knew wages to be due but failed to pay them; this violation entitles PLAINTIFF to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

**FIFTH CAUSE OF ACTION**

FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

By Plaintiff Against SOLAREDGE and Does 1-30

PLAINTIFF'S COMPLAINT FOR DAMAGES

71.    PLAINTIFF hereby incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

72.    Labor Code §226(a) provides, in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees…accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…(5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer…and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…"

73.    EMPLOYER knowingly and intentionally failed to furnish PLAINTIFF accurate wage statements that comply with Labor Code §226(a).  The wage statements furnished by EMPLOYER failed to reflect the total hours worked, including overtime hours, failed to reflect all earned wages for all hours worked, and failed to reflect the premium wages due the PLAINTIFF for unprovided meal periods.

74.    Labor Code Section §226(e)(1) provides:  "An employee suffering injury as a result of knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand ($4,000) and is entitled to an award of costs and reasonable attorney's fees."

75.    As a result of EMPLOYER'S knowing and intentional failure to furnish itemized wage statements that comply with Labor Code §226(a), PLAINTIFF is entitled to recover the greater of her actual damages or statutory damages, and reasonable attorneys' fees and costs, pursuant to Labor Code §226(e).

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

### VIOLATIONS OF LABOR CODE SECTION 1198.5

#### By Plaintiff Against SOLAREDGE and Does 1-30

76.     Plaintiff incorporates by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

77.     Under Labor Code Section 1198.5, an employer, upon an employee's request, must permit the employee to inspect her personnel file, or produce such file no later than 30 calendar days from the date of such request.

78.     PLAINTIFF, by and through his counsel, asked EMPLOYER on at least two separate occasions to provide a copies of the documents contained in PLAINTIFF'S personnel file—once on May 10, 2022 and again on January 27, 2023. EMPLOYER failed to provide PLAINTIFF'S personnel pursuant to either of those two requests.

79.     Pursuant to Labor Code § 1198.5(k), Plaintiff is entitled to recover a penalty of $750 from EMPLOYER for its failure to timely produce and/or maintain Plaintiff's personal records in accordance with § 1198.5.

80.     As a proximate result of EMPLOYER'S conduct, Plaintiff has incurred, and continues to incur damages.

81.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Labor Code § 1198.5(l), in addition to a penalty of $750, Plaintiff is entitled to recover reasonable attorneys' fees and costs in an action to enforce the provisions of § 1198.5.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.

#### By Plaintiff Against SOLAREDGE and Does 1-30

82.     Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

83.     Plaintiff brings this cause of action on behalf of themselves as a private attorney general and on behalf of members of the general public pursuant to Section 17200 et seq., of the Business and Professions Code, and the laws of equity.  The conduct of EMPLOYER engaged in as

PLAINTIFF'S COMPLAINT FOR DAMAGES

alleged above has been, and continues to be, deleterious to the general public. Plaintiff is seeking to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5, and requests injunctive and equitable relief as the Court deems appropriate.

84.    Plaintiff is informed and believes and on that basis, alleges that EMPLOYER and DOES 1-30, and each of them, have engaged, continue to engage, and will continue to engage in a pattern of unlawful and unethical conduct, as stated above, and the fraudulent, deceitful, deceptive, and abusive practices and conduct, as stated above, and as to EMPLOYER'S violation, and as to violations by EMPLOYER'S employees, of laws, statutes, ordinances, regulations and/or codes as stated above. Further, EMPLOYER has never taken adequate measures to remedy its unlawful conduct and fraudulent, deceitful, deceptive, and abusive practices and conduct, as stated above.

85.    EMPLOYER knew or reasonably should have known that its employees, supervisors, and managers, engaged in unlawful, fraudulent, deceitful, and/or abusive, conduct as stated above, and failed to do anything to prevent the conduct and practices, but instead retaliated against Plaintiff for reporting and complaining about them.

86.    EMPLOYER violated the public policies contained in numerous statutes, codes, regulations, and ordinances, as stated above, and EMPLOYER failed to remedy the violations.

87.    All EMPLOYER'S employees who failed to act to comply with the law and prevent the unlawful, fraudulent, deceitful, and/or abusive, conduct as stated above, without proper training will continue to do so.

88.    EMPLOYER'S actions and failures to act, as described above, constitute an ongoing and continuous unfair business practice, and unless restrained from doing so, EMPLOYER will continue to engage in said unfair business practices and/or fail to remedy conditions creating unfair business practices. Thus, EMPLOYER'S conduct and practices will continue to harm and damage the general public.

89.    EMPLOYER'S business practices as stated above, injured and harmed the general public, and will continue to cause injury to the general public who has no adequate remedy at law. Relief for damages alone for EMPLOYER'S continuing unlawful business practices would require a multiplicity of lawsuits.

90.    As a direct, foreseeable and proximate result of EMPLOYER'S conduct, as alleged above, damages will continue to the general public without appropriate injunctive and equitable relief.

91.    Plaintiff requests that EMPLOYERS be enjoined from operating at the facility where Plaintiff was employed until its employees receive the necessary training, and EMPLOYER has offered sufficient guarantees, which will result in the cessation of the unlawful, fraudulent, unethical, deceitful, and/or abusive, conduct as stated above.

92.    Plaintiff requests damages and/or restitution of all monies and profits from its unfair business practices to be disgorged from EMPLOYER and returned to affected parties.

93.    Plaintiff has had to employ an attorney to prosecute this action and has thereby incurred costs and attorney fees. Such attorneys' fees and costs are necessary for the prosecution of this action for which Plaintiff is entitled to an award of attorneys' fees and costs in an amount according to proof pursuant to C.C.P. § 1021.5 and/or the private attorney general doctrine.

## PRAYER FOR RELIEF

PLAINTIFF seeks judgment against EMPLOYER as follows:

1.    For special damages, including actual, consequential and incidental losses including, but not limited to, unpaid wages, medical bills, past, present and future loss of earnings and benefits, front-pay and benefits, back pay and benefits, all according to proof, all together with prejudgment interest;

2.    For general damages according to proof;

3.    For all punitive damages against each defendant in an amount deemed proper by this court;

4.    For waiting time penalties pursuant to Labor Code section 203 et seq.;

5.    For restitution pursuant to Business and Professions Code section 17200, et seq.;

6.    For civil penalties for each violation of Cal. Lab. Code § 1102.5;

7.    For penalties pursuant to Labor Code § 226(e), as may be proven;

8.    For penalties for each violation of Labor Code section 1198.5;

9.    For reasonable attorneys' fees;

PLAINTIFF'S COMPLAINT FOR DAMAGES

10.   For costs of suit;

11.   For pre and post judgment interest; and

12.   For such other and further relief as this Court deems proper.

Dated:  March 13, 2023                    THE RAMIREZ LEGAL GROUP

By:_____
APRIL RAMIREZ, ESQ.
Attorneys for Plaintiff,
BRANDON BYRD

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury on all causes of action against all defendants.

Dated:  March 13, 2023                    THE RAMIREZ LEGAL GROUP

By:_____
APRIL RAMIREZ, ESQ.
Attorneys for Plaintiff,
BRANDON BYRD

PLAINTIFF'S COMPLAINT FOR DAMAGES

# EXHIBIT B

## SUMMONS

## SUMMONS
### (CITATION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SOLAREDGE TECHNOLOGIES, INC., a Delaware corporation, and DOES 1-30, ~~inclusive~~

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRANDON BYRD, an individual

E-FILED
3/13/2023 11:59 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV412721
Reviewed By: P. Newton
Envelope: 11418313

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Downtown Superior Court<br>191 North First Street<br>San Jose, CA 95113 | **CASE NUMBER:**<br>*(Número del Caso):*<br>23CV412721 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
April Ramirez, The Ramirez Legal Group, 468 N. Camden Dr., #5555, Beverly Hills, CA 90210, (800) 411-0428

| DATE:<br>*(Fecha)* 3/13/2023 11:59 AM | Clerk of Court | Clerk, by<br>*(Secretario)* P. Newton | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* Solaredge Technologies, Inc a Delaware corporation
   under: [✓] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

# EXHIBIT C

## CIVIL CASE COVER SHEET AND CIVIL LAWSUIT NOTICE

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

April Ramirez (SBN 319760)
The Ramirez Legal Group, 468 N. Camden Dr., #5555, Beverly Hills, CA 90210

TELEPHONE NO.: 800-411-0428    FAX NO. *(Optional):* 424-401-7375
E-MAIL ADDRESS: april@theramirezlegalgroup.com
ATTORNEY FOR *(Name):* Plaintiff, Brandon Byrd

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/13/2023 11:59 AM
Reviewed By: P. Newton
Case #23CV412721
Envelope: 11418313**

CASE NAME: Brandon Byrd, v. Solaredge Technologies, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 23CV412721 |
| | | | JUDGE: | |
| | | DEPT.: | | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* (07) Whistleblower violations under Labor Code § 1102.5; Retaliation and wrongful termination in violation of Public Policy; Failure to pay overtime wages in violation of Cal. Labor Code § 510 and IWC wage order no. 4; Penalties pursuant to Labor Code § 203; Failure to provide accurate itemized wage statements in violation of Cal. Labor Code Section 1198.5; Violation of Business and Profession Code § 17200, et seq.
5. This case [ ] is [X] is not a class action suit. Labor Code § 226(A); Violation of Labor Code Section 1198.5; Violation of Business and Profession Code § 17200, et seq.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 13, 2023

April Ramirez, Esq.
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
      *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation,** sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

23CV412721

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: _____

## PLEASE READ THIS ENTIRE FORM

**_PLAINTIFF_** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

**_DEFENDANT_** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**_RULES AND FORMS:_**  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**_CASE MANAGEMENT CONFERENCE (CMC):_**  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

**_You or your attorney must appear at the CMC._** *You may ask to appear by telephone -- see Local Civil Rule 8.*

---

Your Case Management Judge is: _____Rosen, Amber_____  Department:_____16_____

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: ___08/15/2023___ Time: __1:30pm__  in Department:_____16_____

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____ Time: _____  in Department:_____

---

**_ALTERNATIVE DISPUTE RESOLUTION (ADR):_**  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**_WARNING:_** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# EXHIBIT D

## ANSWER (FILED IN SANTA CLARA SUPERIOR)

**FOX ROTHSCHILD LLP**
Jasmine L. Anderson (SBN 252973)
JLAnderson@foxrothschild.com
Aceilya G. Burton (SBN 325431)
ABurton@foxrothschild.com
345 California Street, Suite 2200
San Francisco, California 94104
Telephone:     (415) 364-5540
Facsimile:     (415) 391-4436

*Attorneys for Defendant*
SOLAREDGE TECHNOLOGIES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| BRANDON BYRD, an individual, | Case No.:  23CV412721 |
| Plaintiff, | **DEFENDANT SOLAREDGE TECHNOLOGIES, INC.'S ANSWER TO COMPLAINT FOR DAMAGES** |
| v. | |
| SOLAREDGE TECHNOLOGIES, INC., a Delaware corporation, and DOES 1-30, inclusive, | |
| Defendants. | |

Defendant, SOLAREDGE TECHNOLOGIES, INC. ("Defendant") answers Plaintiff's

Complaint (the "Complaint") as follows:

## **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant

generally denies each and every allegation in the Complaint. Defendant further denies Plaintiff

suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant,

denies that Plaintiff has been damaged in any amount, and denies that Defendant owes Plaintiff any

amount.

144322998.2

1

**AFFIRMATIVE DEFENSES**

2     As separate, distinct, and affirmative defenses to the Complaint and each cause of action

3 therein, Defendant alleges as follows:

4

**FIRST AFFIRMATIVE DEFENSE**

5

**(Failure to State a Claim)**

6     Neither the Complaint nor any cause of action set forth in the Complaint state a cause of

7 action against Defendant or facts sufficient to constitute a cause of action against Defendant.

8

**SECOND AFFIRMATIVE DEFENSE**

9

**(Statute of Limitations)**

10     Each of Plaintiff's claims are barred in whole or in part by the applicable statute of

11 limitations, including but not limited to California Code of Civil Procedure sections 335.1, 337, 338,

12 338(a), 340, 340(a), 339, and 343, Government Code sections 12960 and 12965, California Business

13 and Professional Code section 17208, the California Labor Code, and any other applicable statute of

14 limitations.

15

**THIRD AFFIRMATIVE DEFENSE**

16

**(Failure to Exhaust Administrative Remedies)**

17     Each of Plaintiff's claims are barred in whole or in part as Plaintiff failed to exhaust

18 appropriate administrative remedies as to Defendant and/or as to any alleged cause of action.

19 Specifically, Plaintiff failed to appropriately file the requisite notice or administrative charge with

20 the California Civil Rights Department (formerly known as the Department of Fair Employment and

21 Housing), the California Labor Commissioner, or other similar agency as required by Government

22 Code section 12960(d), Government Code section 12965(b), the Labor Code, and the Equal

23 Employment Opportunity Commission, as required by 42 U.S.C. section 2000e-5, and/or any other

24 administrative agency as required by law.

25

**FOURTH AFFIRMATIVE DEFENSE**

26

**(Waiver, Estoppel, Laches, Excuse and Mistake)**

27     Plaintiff's claims are barred in whole or in part, or the relief under such claims is limited, by

28 the equitable doctrines of waiver, estoppel, laches, excuse, and/or mistake.

DEFENDANT'S ANSWER TO COMPLAINT

144322998.2

**FIFTH AFFIRMATIVE DEFENSE**

**(Violation of Due Process)**

Defendant alleges that any claim for punitive damages is unconstitutional under the Due Process, Equal Protection, and/or Excessive Fines Clauses of the United States Constitution and of the California Constitution.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff's relief under the alleged claims is limited by Plaintiff's failure to mitigate any damages Plaintiff alleges he suffered.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Act Preemption)**

Defendant alleges that Plaintiff's claims, to the extent they are based in whole or in part upon any alleged physical or emotional injury or distress, are barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et. seq.*

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Business Necessity)**

Plaintiff's claims are barred, in whole or in part, as Defendant's employment practices at issue are lawful due to business necessity.

**TENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

Defendant denies any wrongdoing on its part, and expressly denies that Plaintiff has been damaged as alleged, assert Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory

3

144322998.2

behavior, and Plaintiff unreasonably delayed in taking or failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory Business Reason)

Defendant asserts that Plaintiff's claims are barred in whole or in part because there were legitimate, non-retaliatory, non-discriminatory business reasons for the decisions about which Plaintiff complains.

## TWELFTH AFFIRMATIVE DEFENSE

### (Damages Not the Result of Defendant's Acts or Omissions)

Plaintiff's claims against Defendant are barred, in whole or in part, or the relief under such claims is limited, because the alleged losses or harms sustained by Plaintiff, if any, resulted from causes other than any alleged act or omission by Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Outside Course and Scope of Employment)

Defendant is not liable for any acts or omissions of any person who was not acting within the course and scope of his/her duties as an employee, agent, director, officer, or constitute member of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Actions Not in Control of Defendant)

Defendant denies any wrongdoing on its part, and expressly denies that Plaintiff has been damaged as alleged, and asserts that any damages or pecuniary losses Plaintiff has sustained has been proximately caused by Plaintiff's own actions or inactions.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Attorney's Fees)

The Complaint fails to state a claim upon which an award of attorney's fees can be granted.

4

144322998.2

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

Plaintiff's Complaint and each cause of action attempted to be stated therein fail to state a claim for punitive damages against Defendant because any alleged discriminatory and/or retaliatory conduct by Defendants' agents and/or employees (which Defendant denies) was contrary to its anti-discrimination and anti-retaliation policies, which Defendant implemented in good faith and fairly and adequately enforced.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Emotional Distress Damages)

Plaintiff's allegations are insufficient to state a claim for emotional distress damages.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Unpaid Hours *De Minimis*)

Defendant alleges that some or all of the hours worked by Plaintiff for which Plaintiff seeks restitution were *de minimis* and do not qualify as compensable hours worked under any of the Orders of the Industrial Welfare Commission, the California Labor Code, and/or any other applicable law.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Offset)

Defendant alleges, based on information and belief, that further investigation and discovery will reveal that to the extent to which Plaintiff is entitled to any additional compensation, which Defendant denies, such additional compensation must be offset by the amount of any compensation and/or other monies Plaintiff received from Defendant in excess of the compensation to which he was legally entitled to, including but not limited to hours paid for time in which no work was performed, and/or any monies recovered by or previously paid to Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Meal and Rest Periods Waived)

Defendant alleges that to the extent Plaintiff did not take meal or rest breaks, Plaintiff chose not to do so and/or did so without permission or the actual or constructive knowledge of Defendant and/or failed to work the requisite number of hours to qualify for meal and/or rest breaks.

5

144322998.2

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Malice/Good Faith)**

Plaintiff's claims for damages are barred in that all decisions and actions made by Defendant with respect to the subject matter of Plaintiff's Complaint were undertaken in good faith, in the absence of malicious intent, and constituted a lawful, proper, and justified means to further its legitimate economic interests.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Arbitration Agreement – No Jurisdiction)**

The Court lacks jurisdiction over the causes of action alleged in Plaintiff's Complaint because Plaintiff's causes of action are subject to an arbitration agreement, subject to and protected by the preemptive for of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and the California Arbitration Act, requiring the individual arbitration of his causes of action.  Defendant reserves the right to compel arbitration of Plaintiff's causes of action.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Labor Code §§ 2856 and 2857)**

Defendant alleges that the Complaint and each cause of action attempted to be stated therein are barred by Plaintiff's failure to comply with his obligations as an employee under California Labor Code sections 2856 and 2857.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Managerial Discretion and Privilege)**

Any and all conduct of which Plaintiff complains, or which is attributed to Defendant, was a just and proper exercise of management discretion, and at all times was privileged, justified, and undertaken for lawful, fair, and honest reasons, in good faith and without malice.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Mixed Motive)**

Plaintiff's Complaint and each cause of action attempted to be stated therein are barred because, even assuming *arguendo* that Defendant was motivated by unlawful reasons, Defendant

6

144322998.2

would have made the same decision regarding Plaintiff's employment for legitimate, non-discriminatory and non-retaliation business reasons.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claim for punitive damages is barred because Defendant in good faith complies with anti-discrimination and anti-retaliation laws and exercised reasonable care to prevent and/or promptly correct any discriminatory, retaliatory, and/or other unlawful behavior that Plaintiff complained of, if any, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm, or Plaintiff failed to allow Defendant to otherwise address his complaints, if any.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Defendant's complaint and each cause of action attempted to be stated therein are barred by the doctrines of accord and satisfaction.

### RESERVATION OF RIGHTS

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, yet unstated affirmative defenses available to it.  Defendant reserves the right to assert additional affirmative defenses in the event discovery or litigation indicates they would be appropriate

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment in its favor as follows:

1.      That Plaintiff takes nothing by the Complaint;

2.      That the Complaint be dismissed with prejudice;

3.      That judgment be entered in favor of Defendant and against Plaintiff;

4.      That Defendant recover its costs of suit, including reasonable attorneys' fees to the extent permitted by law; and

5.      For such other and further relief as the Court finds just and proper.

///

///

///

7

1   Dated:  April 10, 2023                    Respectfully submitted,

2                                             FOX ROTHSCHILD LLP

3

4                                             By  _____
                                                     Jasmine L. Anderson
5                                                    Aceilya G. Burton
                                                     *Attorneys for Defendant*
6                                                    SOLAREDGE TECHNOLOGIES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO COMPLAINT

144322998.2

1

**Proof of Service**

2

    I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to this action. My business address is Fox Rothschild LLP, 345

3

California Street, Suite 2200, San Francisco, California 94104-2670.

4

    On April 10, 2023, I served a copy of the within document(s):

5

**DEFENDANT SOLAREDGE TECHNOLOGIES, INC.'S**
**ANSWER TO COMPLAINT FOR DAMAGES**

6

7

on the interested party(ies) in this action addressed as follows:

8

*Attorneys for Plaintiff Brandon Byrd*

9

**THE RAMIREZ LEGAL GROUP**
April Ramirez

10

468 N. Camden Dr., #5555
Beverly Hills, CA 90210

11

Email: april@theramirezlegalgroup.com
       josmar@theramirezlegalgroup.com

12

13

**THE ALEXANDROFF LAW GROUP**
Nicholas Alexandroff

14

16542 Ventura Blvd., Suite 203
Encino, CA 91436

15

Email: nicholas@alglegal.com

16

    ☐    **[BY FIRST CLASS MAIL]:** I placed the envelope for collection and mailing

17

following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On

18

the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service

19

in a sealed envelope with postage fully prepaid.

20

    ☐    **[BY OVERNIGHT DELIVERY]:** I caused said document(s) to be deposited at an overnight delivery facility, addressed to the above-listed person(s) for delivery

21

the next business day.

22

    ☒    **[BY EMAIL]:** I electronically served the above document(s) from phenderson@foxrothschild.com to the email address of the addressee(s) listed

23

above.

24

    ☐    **[BY ELECTRONIC TRANSMISSION]:** I caused said document to be electronically served through Case Anywhere pursuant to the Court's Order

25

Authorizing Electronic Service dated April 10, 2023, to the names and email addresses listed on the Service List attached hereto."

26

    ☒    **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

27

28

1

1    Executed April 10, 2023, at San Rafael, California.

2

3    _____

4    Paulette Henderson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT E

## STATEMENT OF DAMAGES

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>April Ramirez, Esq.  SBN 319760<br>The Ramirez Legal Group<br>468 N. Camden Dr., #5555<br>Beverly Hills, Ca 90210<br>ATTORNEY FOR *(name):*  Plaintiff, Brandon Byrd<br>TELEPHONE NO.:<br>(800) 411-0428 | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF: Brandon Byrd
DEFENDANT: Solaredge Technologies, Inc.

| STATEMENT OF DAMAGES<br>~~(Personal Injury or Wrongful Death)~~ | CASE NUMBER:<br>23CV412721 |
|---|---|

To *(name of one defendant only):* Solaredge Technologies, Inc.
Plaintiff *(name of one plaintiff only):* Brandon Byrd
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [✔] Pain, suffering, and inconvenience ............................................................... $ 150,000.00
   b. [✔] Emotional distress. .................................................................................... $ 150,000.00
   c. [ ] Loss of consortium ..................................................................................... $ _____
   d. [ ] Loss of sociey and companionship *(wrongful death actions only)* ............... $ _____
   e. [ ] Other *(specify)* _____ $ _____
   f. [ ] Other *(specify)* _____ $ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [ ] Medical expenses *(to date)* ...................................................................... $ _____
   b. [ ] Future medical expenses *(present value)* ................................................ $ _____
   c. [✔] Loss of earnings *(to date)* ..................................................................... $ 452,323.20
   d. [✔] Loss of future earning ~~capacity (present value)~~ ..................................... $ TBD
   e. [ ] Property damage ...................................................................................... $ _____
   f. [ ] Funeral expenses *(wrongful death actions only)* ...................................... $ _____
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ........... $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ...... $ _____
   i. [✔] Other *(specify)*   Statutory Penalties .................................................... $ 10,930.00
   j. [✔] Other *(specify)*   Attorneys' Fees & Case Costs ................................... $ TBD
   k. [ ] Continued on Attachment 2.k.

3. [✔] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 1,000,000.00
   when pursuing a judgment in the suit filed against you.

Date: 03/24/2023

April Ramirez, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CIV-050

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages  ☐ Other *(specify)*:

   b. on *(name)*:
   c. by serving  ☐ defendant  ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery  ☐ at home  ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*:
   a. ☐ **Personal service. By personally delivering copies. (CCP § 415.10)**
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ **Other** *(specify code section)*:
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
      (SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
      (SIGNATURE)

1

**Proof of Service**

2       I am employed in the County of San Francisco, State of California.  I am over the age of
3  eighteen years and not a party to this action.  My business address is Fox Rothschild LLP, 345
California Street, Suite 2200, San Francisco, California 94104-2670.

4       On April 11, 2023, I served a copy of the within document(s):

5

**DEFENDANT SOLAREDGE TECHNOLOGIES, INC.'S**
**NOTICE OF REMOVAL**

6

7  on the interested party(ies) in this action addressed as follows:

8  *Attorneys for Plaintiff Brandon Byrd*

9
**THE RAMIREZ LEGAL GROUP**
10  April Ramirez
468 N. Camden Dr., #5555
11  Beverly Hills, CA 90210
Email: april@theramirezlegalgroup.com
12          josmar@theramirezlegalgroup.com

13
**THE ALEXANDROFF LAW GROUP**
14  Nicholas Alexandroff
16542 Ventura Blvd., Suite 203
15  Encino, CA 91436
Email: nicholas@alglegal.com

16
☐    **[BY FIRST CLASS MAIL]:**  I placed the envelope for collection and mailing
17       following our ordinary business practices.  I am readily familiar with this
business's practice for collecting and processing correspondence for mailing.  On
18       the same day that correspondence is placed for collection and mailing, it is
deposited in the ordinary course of business with the United States Postal Service
19       in a sealed envelope with postage fully prepaid.

20
☐    **[BY OVERNIGHT DELIVERY]:**  I caused said document(s) to be deposited at
21       an overnight delivery facility, addressed to the above-listed person(s) for delivery
the next business day.

22
☒    **[BY EMAIL]:**  I electronically served the above document(s) from
23       phenderson@foxrothschild.com to the email address of the addressee(s) listed
above.

24
☐    **[BY ELECTRONIC TRANSMISSION]:**  I caused said document to be
25       electronically served through Case Anywhere pursuant to the Court's Order
Authorizing Electronic Service dated April 11, 2023, to the names and email
addresses listed on the Service List attached hereto."

26
☒    **[STATE]** I declare under penalty of perjury under the laws of the United
27       States of America and the State of California that the foregoing is true and
correct.

28

1

DEFENDANT SOLAREDGE TECHNOLOGIES, INC.'S NOTICE OF REMOVAL

1     Executed April 11, 2023, at San Francisco, California.

2

3                                        _____

4                                        Paulette Henderson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2